{¶ 31} Respectfully, I dissent. I agree with the majority that, when a defendant files a motion for post-conviction relief, he is not automatically entitled to an evidentiary hearing. (Although I disagree with the majority that whether a hearing should be held is somehow dependent upon a defendant affirmatively requesting one.) I would, however, find that appellant has produced evidentiary documents that, if believed, are sufficient to demonstrate that the guilty plea was "induced by false promises." State v. Calhoun, 86 Ohio St.3d 279,1999-Ohio-102, 714 N.E.2d 905.
 {¶ 32} Calhoun further provides, again in support of the position of the majority herein, that a trial court may choose without a hearing, to disbelieve the affidavits. However, I part with the majority at this juncture of the analysis. I believe both Calhoun and *Page 10 
R.C. 2953.21(C)[3] require that if the court dismisses a petition without hearing (thereby discounting the credibility of the sworn affidavits), it shall make and file findings of fact and conclusions of law with respect to such dismissal. In this case, the trial court did not make any findings.
 {¶ 33} Accordingly, I would reverse and remand for a hearing, or for findings of fact and conclusions of law as to why the affidavits are not credible.
[3] R.C. 2953.21(C) provides in part that "[i]f the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal." *Page 1